EX PARTE NIEVES ET AL., PETITIONERS AND APPELLANTS.

APPEAL from the District Court of Arecibo in Administration Proceedings.

No. 2874.—Decided April 2, 1923.

ADMINISTRATION—INTESTATE INHERITANCE—HEIRS AT LAW—VOLUNTARY HEIRS—
    SURVIVING SPOUSE.—In intestate inheritances where there are no heirs at law
    the participation of the surviving spouse is not necessary in order that the
    voluntary heirs may petition for the administration of the estate.
ID.—ID.—VALUE OF PROPERTY.—A petition for administration which states in a
    lump sum the value of the property without describing it does not meet the
    requirements of section 23 of the Special Legal Proceedings Act.

The facts are stated in the opinion.

Mr. L. Mercader for the appellants.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

In this case certain collateral heirs instituted intestate proceedings and petitioned for the appointment of an administrator.

In support of the petition it was alleged that José Orriola Pérez, the lawful brother and uncle of the petitioners, respectively, died in Arecibo on January 3, 1922, while married to Cruz Cintrón, from which union there was no offspring; that the deceased made no will and by a decree of September 12, 1922, the petitioners were declared to be the intestate heirs of the deceased, together with the widow in her dower interest; that the deceased left property subject to partition and it is still undivided because the widow opposed a partition, retaining the property and appropriating its products, and that the value of the property is $5,000.

The lower court denied the petition and made the following order.

"The foregoing petition for administration of the estate of José Orriola Pérez was duly filed.

"Whereas, the petitioners, brothers and nephews of the deceased José Orriola Pérez, have no right of action, inasmuch as it is not

signed by the widow of the decedent, and the petitioners are not lawful nor testamentary heirs.

"Whereas, in the petition the nature of the property subject to partition is not stated and the titles thereto are not exhibited.

"Therefore, according to subdivisions 3 and 5 of section 23 of the Special Proceedings Act,

"The petition for administration is denied."

The petitioners took the present appeal and assigned as error the same legal grounds on which the lower court based its ruling.

In accordance with the wording of the petition, the proceedings instituted in this case were intestate and not testamentary proceedings. Section 23 of the Act relative to special legal proceedings of March 9, 1905, enumerates the persons who may petition for the administration of the estate of a decedent and prescribes the matters that should be made to appear from the petition. And section 24 immediately following, as amended by the Act of March 8, 1906, provides that:

"Where a decedent shall have expressly prohibited by his will to the voluntary heirs and legatees of aliquot number a judicial administration of his estate and shall have made provisions for the appointment of one or more persons, empowering such persons as executors to partition the said estate, such judicial administration shall not be decreed.

"Secured creditors and creditors whose claims shall be secured by the heirs independently of the estate of the decedent shall have no right to ask for a judicial administration."

According to this statute voluntary heirs are forbidden to institute testamentary proceedings only when it is expressly prohibited by the testator and in no other case. It follows that that prohibition could much less exist in the case of intestate voluntary heirs where the wish of the decedent could not be known because there is no will. The law could not establish such prohibition, nor could it be otherwise, inasmuch as the provisions of the Special Legal Proceedings

Act with regard to these classes of special proceedings were adopted in letter and spirit from the Spanish Law of Civil Procedure, and in commenting on the provision relative to the declared heirs who are entitled to petition for administration Manresa says:

"In testamentary proceedings the judge can not interfere when the testator has expressly prohibited it, according to sections 1039 and 1041; but inasmuch as in intestate proceedings that prohibition can not exist because there is no will, the intervention of the court or its continuation is obligatory whenever it is petitioned for by any of the heirs already declared or by the surviving spouse. In these cases the intervention shall continue if intestate proceedings have been brought before, but if they have not preceded the declaration of heirship, then the case will proceed in the manner provided for testamentary proceedings in sections 1055 *et seq.*" 4 Manresa, Spanish Law of Civil Procedure, 341.

As regards the assignment relative to the finding of the court that the nature of the property subject to partition was not determined and the titles thereof were not exhibited, we think the appellant is wrong. The petitioners have not complied with the statute in this regard. Subdivision 5 of section 23, *supra,* says that it must be made to appear from the petition "that decedent left property subject to distribution, and the amount and nature of such property," and in this case the petition merely states the value of the property in bulk, without mentioning its nature. Statutes always have a reasonable basis and a purpose, and one of the purposes of this statute is to furnish the trial judge with a basis for fixing the amount of the bond to be given by the administrator to be appointed, as provided in section 32 of the Special Legal Proceedings Act.

We do not mean, however, that it is necessary to exhibit the titles to the property; but when its nature is not specified, as in this case, it is clear that the titles perhaps might have supplied the defect of the petition on this point.

In any event this is not a fatal defect and is subject to amendment.

By virtue of the foregoing the order appealed from must be modified so as to allow the petitioner to amend within ten days from the filing of this judgment in the court below, and as so modified it is affirmed on the last ground.

*Modified and affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.